LOTTINGER, Judge.
This matter is before us at this time resulting from an ex proprio motu show cause order requesting the parties to show cause why this appeal should or should not be dismissed because the order for the appeal nor the appeal bond was timely filed.
On April 14, 1971 judgment was rendered in favor of plaintiff as originally prayed for and the judgment was signed on April 16, 1971.
On April 21, 1971 defendants filed a motion for a new trial. On November 3, 1971 the motion for a new trial was argued and on January 7, 1972 same was overruled.
By written motion filed January 18, 1972 and signed in chambers by the Trial Judge on January 19, 1972, defendant undertook to appeal to this Court.
A document entitled “Appeal Bond” supposedly dated and signed January 19, 1972 is found in the record but said document fails to show if and when same was ever filed by the Lower Court.
Article 5002 of Louisiana Code of Civil Procedure provides as follows:
“Art. 5002. Delays for answering; incorporation of exceptions in answer; prior default unnecessary; notice of judgment; new trial; appeals
The delay for answering shall be stated in the citation. This delay shall be five days, exclusive of legal holidays, after service of citation on the defendant, except when the citation is served on a defendant through the secretary of state, in which event this delay shall be fifteen days after such service as to all defendants.
A defendant shall incorporate in his answer all of the exceptions on which he intends to rely. No prior default is necessary, and judgment may be rendered as provided in Article 4896. Notice of the rendition of judgment is not necessary, except as provided in Article 4898. The delay for answering garnishment interrogatories shall be five days, exclusive of legal holidays.
*557 A new trial may be applied for within three days, exclusive of legal holidays, of the date of judgment or of the service of notice of judgment when necessary.
A devolutive or suspensive appeal to the proper appellate court may be granted if applied for within ten days after the expiration of the delays for applying for a new trial, or within ten days of the denial of a new trial.

The szispensive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allozved above for a suspensive appeal.

The devolutive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a devolutive appeal.” (Emphasis ours)
Amended by Acts 1966, No. 36, § 1; Acts 1970, § 1.”
C.C.P. Article 4898 provides as follows:
“Notice of judgment shall be served on a defendant against whom judgment is rendered if the citation was not served on him personally, and he failed to answer.
Notice of judgment need not be given in any other case.” (Emphasis ours).
Since this is an appeal from the City Court of the City of Baton Rouge, the appellant herein was not entitled to notice.
It is evident from the above that the application for the appeal was not timely nor was the appeal bond timely filed.
For the above and foregoing reasons, we fail to have jurisdiction herein and this appeal is hereby dismissed, at appellant’s costs.
Appeal dismissed.